IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| BOBBY D. EVERETT, Jr., #21063437, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 22-cv-00631-JPG |
| | ) |
| ANDY GARDEN, | ) |
| TROY REED, | ) |
| and B. CARTER, | ) |
| | ) |
| Defendants. | ) |

## ORDER DISMISSING CASE

**GILBERT, District Judge:**

Plaintiff Bobby Everett, Jr., brought this action pursuant to *Bivens v. Six Unknown Named Agents of Fed'l Bureau of Narcotics*, 403 U.S. 388 (1971), for constitutional deprivations that resulted from his exposure to unsafe transportation and living conditions at Marion County Law Enforcement Center. (Doc. 1). The Complaint did not survive screening under 28 U.S.C. § 1915A and was dismissed without prejudice on December 6, 2022. (Doc. 17). Plaintiff was granted leave to file an amended complaint on or before January 3, 2023, if he intended to proceed with this action. (*Id.*). He was warned that this action would be dismissed with prejudice if he failed to file an amended complaint. (*Id.* at 5) (citing Fed. R. Civ. P. 41(b); *Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th; Cir. 1994)). He was also warned that the dismissal would result in the assessment of a "strike" under 28 U.S.C. § 1915(g).

Despite these warnings, Plaintiff missed the deadline for filing a First Amended Complaint on January 3, 2023. Two weeks have passed since the deadline expired, and Plaintiff has not requested an extension of time to file his amended complaint. The Court will not allow this matter to linger indefinitely. Accordingly, this action will be dismissed based on Plaintiff's failure to

1

amend his complaint and for failure to prosecute his claim(s).  Because the underlying Complaint was dismissed for failure to state a claim upon which relief may be granted, this dismissal counts as a "strike" within the meaning of 28 U.S.C. § 1915A.

## Disposition

**IT IS HEREBY ORDERED** that this action is **DISMISSED** without prejudice based on Plaintiff's failure to comply with the Court's Order (Doc. 17) to file a First Amended Complaint and/or prosecute his claims.  See FED. R. CIV. P. 41(b); *Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994).

The Clerk's Office is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

DATED:  1/17/2023                                            s/J. Phil Gilbert
                                                                              **J. PHIL GILBERT**
                                                                              **United States District Judge**